IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br><br>vs.<br><br>ONE PARCEL OF REAL PROPERTY WITH BUILDINGS, APPURTENANCES AND IMPROVEMENTS KNOWN AS 38 KNOTTY PINE ROAD, LOCATED IN THE TOWN OF TIVERTON, RHODE ISLAND; ONE 2005 CADILLAC DEVILLE, VIN: 1G6KE57Y55U229750; ONE 2001 CHEVROLET CORVETTE, VIN: 1G1YY32G115122127; ONE LOT OF SIXTY THOUSAND DOLLARS ($60,000) IN U.S. CURRENCY; AND ONE LOT OF THREE THOUSAND FOUR HUNDRED SIXTY DOLLARS ($3,460) IN U.S. CURRENCY,<br>Defendants | CA 06 73<br>C.A. No. |

EX PARTE APPLICATION FOR WRIT OF ENTRY
AND DECLARATION IN SUPPORT OF WRIT OF ENTRY

The plaintiff, the United States of America, respectfully applies to this court for a writ of entry onto the premises known as 38 Knotty Pine Road, Tiverton, Rhode Island, pursuant to Title 18 U.S.C. § 983(j) and Title 18 U.S.C. § 985(b)(2) for the purpose of conducting a reasonable and necessary structural and physical inspection and appraisal.

This Ex Parte Application for a Writ of Entry is brought pursuant to the decision in United States v. Good, 114 S.Ct. 492 (1993) and 28 U.S.C. § 1651. In Good, the Supreme Court held that the United States may not seize property which is subject to forfeiture without giving the owner thereof notice and an

opportunity to be heard, unless the exigencies of the situation require such a seizure. The Court also recommended the use of less restrictive alternative measures to a seizure in a forfeiture case involving residential real property such as the filing of a lis pendens or the obtaining of a restraining order. Id. The plaintiff has recorded a lis pendens in this case, but to further protect its legitimate interest in the defendant real property in lieu of a seizure, the plaintiff herein applies for an order directing the United States Marshal to enter the property under reasonable conditions to determine its condition and value. Pursuant to Title 18 U.S.C. § 985(b)(2), the execution of a writ of entry is not considered to be a "seizure."

The facts showing probable cause for forfeiture of the defendant property have been set forth in the previously filed Complaint for Forfeiture In Rem. This application is further supported by the attached declaration.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

MICHAEL P. IANNOTTI
Assistant U.S. Attorney

DECLARATION IN SUPPORT OF APPLICATION FOR WRIT OF ENTRY

I, Michael P. Iannotti, state:

1. I am an Assistant U.S. Attorney for the District of Rhode Island and represent the United States of America herein.

2. On February 15, 2006, a Complaint for Forfeiture In Rem was filed against the above-described real property.

3. The plaintiff requests that the United States Marshals Service be entrusted with the responsibility of determining the condition and value of the defendant real property, which is subject to forfeiture to the United States.

4. A writ of entry is sought for the purpose of entering the premises known as 38 knotty Pine Road, Tiverton, Rhode Island, for the purpose of photographing and inspecting the exterior and interior and making an appraisal of said real property. Toward this end, the Marshals will bring an appraiser with them to appraise the defendant real property.

5. The United States Marshals Service has determined that it is necessary to conduct a complete inventory, inspection, and appraisal of the defendant real property for his records and possible use in court and to thereafter conduct an annual inspection and re-appraisal of said property.

6. To properly document the status of the property, the United States Marshal must be aware of the physical condition of the interior and exterior of the defendant real property.

Without the ability to enter the premises, it is difficult or impossible for the United States Marshal to document the status of the property.

7. It is therefore requested that a Writ of Entry be issued.

I declare under penalty of perjury that the foregoing is true and correct.

MICHAEL P. IANNOTTI
Assistant U.S. Attorney