IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA,

Plaintiff

vs. C.A. No. 06-73ML

ONE PARCEL OF REAL PROPERTY WITH BUILDINGS, APPURTENANCES AND IMPROVEMENTS KNOWN AS 38 KNOTTY PINE ROAD, LOCATED IN THE TOWN OF TIVERTON, RHODE ISLAND; ONE 2005 CADILLAC DEVILLE, VIN: 1G6KE57Y55U229750; ONE 2001 CHEVROLET CORVETTE, VIN: 1G1YY32G115122127; ONE LOT OF SIXTY THOUSAND DOLLARS ($60,000) IN U.S. CURRENCY; AND ONE LOT OF THREE THOUSAND FOUR HUNDRED SIXTY DOLLARS ($3,460) IN U.S. CURRENCY,

Defendants

**MOTION TO STAY THE CIVIL FORFEITURE PROCEEDING**

Now comes, Albert Sousa, claimant to all of the above listed defendant property, vehicles, and currency, and hereby requests, pursuant to 18 U.S.C. 981(g)(2) *et seq*. that this honorable court stay the civil forfeiture proceeding pending the resolution of the Rhode Island Superior Court Indictment filed against him in N1/2006-0026A.

This motion is based upon the statements of facts and law contained in the Memorandum accompanying this motion.

Respectfully submitted,
ALBERT SOUSA
By his Attorney,

C. LEONARD O'BRIEN (#1886)
MacFadyen, Gescheidt & O'Brien
The Owen Building, 101 Dyer Street
Providence, RI 02903
401-751-5090

**Certificate of Service**

I hereby certify that a true and correct copy of the above and foregoing Motion for a Stay was hand delivered to Michael P. Iannotti, Assistant United States Attorney, United States Attorney's Office, Fleet Center, 50 Kennedy Plaza, 8th Floor, Providence, RI, 02903 on this 27th day of March, 2006.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA,

Plaintiff

vs. C.A. No. 06-73ML

ONE PARCEL OF REAL PROPERTY WITH BUILDINGS, APPURTENANCES AND IMPROVEMENTS KNOWN AS 38 KNOTTY PINE ROAD, LOCATED IN THE TOWN OF TIVERTON, RHODE ISLAND; ONE 2005 CADILLAC DEVILLE, VIN: 1G6KE57Y55U229750; ONE 2001 CHEVROLET CORVETTE, VIN: 1G1YY32G115122127; ONE LOT OF SIXTY THOUSAND DOLLARS ($60,000) IN U.S. CURRENCY; AND ONE LOT OF THREE THOUSAND FOUR HUNDRED SIXTY DOLLARS ($3,460) IN U.S. CURRENCY,

Defendants

**MEMORANDUM IN SUPPORT OF CLAIMANT'S MOTION TO STAY THE CIVIL FORFEITURE PROCEEDING**

Claimant Albert Sousa has moved this honorable Court for an order, pursuant to 18 U.S.C. 981(g)(2) *et seq*., staying the civil forfeiture proceeding pending the resolution of the Rhode Island Superior Court Indictment filed against him in N1/2006-0026A. (Exhibit A)

**Procedural History**

Rhode Island Criminal Charges

Claimant Albert Sousa was arrested on August 31, 2005 and charged by a criminal complaint filed on September 1, 2005 in Second Division District Court (22/2005-02075) with Count 1, Manufacture/ Possession / Delivery of over 5 Kilograms of Marijuana, (114 lbs); Count 2, Possession w/Intent to Deliver Oxycodone (5 mg); Count 3, Possession w/Intent to Deliver Oxycodone (10 mg); Count 4, Possession w/Intent to Deliver Oxycodone (5mg capsules); Count

5, Possession w/Intent to Deliver Oxycodone (5mg capsules); Count 6, Possession w/Intent to Deliver Marijuana (5.5 Ounces); Count 7, Carrying a Dangerous Weapon While Committing a Crime; and Count 8, Operation of a Motor Vehicle while in possession of a controlled substance. Mr. Sousa entered a plea of not guilty to all of the charges.

On February 3, 2006 Mr. Sousa was charged by indictment in the Superior court with Count 1, unlawfully possessing a Schedule I controlled substance in a quantity in excess of (5) Kilograms of Marijuana in violation of R.I.G.L. 21-28-4.01.2(a)(5); Count 2, unlawfully possessing with the intent to deliver a Schedule I controlled substance, to wit, Marijuana in violation of R.I.G.L. 21-28-4.01.2(a)(4)(1); Count 3, unlawfully possessing a Schedule II controlled substance, to wit, Oxycodone in violation of R.I.G.L. 21-28-4.01(c)(2)(i); Count 4, operating a motor vehicle while possessing a controlled substance, to wit, Marijuana in violation of R.I.G.L. 31-27-2.4; Count 5, operating a motor vehicle while possessing a controlled substance, to wit, Oxycodone in violation of R.I.G.L. 31-27-2.4; Count 6, unlawfully possessing with the intent to deliver a Schedule II controlled substance, to wit, Oxycodone in violation of R.I.G.L. 21-28-4.01(a)(4)(i); and Count 7, unlawfully possessing a Schedule I controlled substance to wit, Marijuana in violation of R.I.G.L. 21-28-4.01(c)(2)(ii). The Grand Jury returned a No True Bill on the firearms count. On February 16, 2006, he was arraigned on the charges in Superior Court before the Honorable Judge Gale. Mr. Sousa has entered a not guilty plea to all counts. The indictment is now pending before Judge Gale and the court has scheduled a pre-trial conference for March 30, 2006.

United States District Court Civil Complaint

On February 15, 2006, the Unites States filed a civil complaint alleging that the named property constitutes the proceeds of Mr. Sousa's marijuana and Oxycodone sales and is subject

to forfeiture pursuant to the provisions of 21 U.S.C. § 881. A United States Marshal served the summons and complaint upon Mr. Sousa on February 27, 2006. Mr. Sousa timely served his claim and verified statement on plaintiff's attorney on March 27, 2006, the 28th day after service. Absent an order staying the proceeding, claimant must answer the complaint and provide responses to interrogatories by April 16, 2006.

**Brief Summary of the Facts**

On August 31, 2005, Tiverton Police Officer Kenneth Cabral stopped Albert Sousa while he drove a Cadillac on Fish Road. Subsequent to the detention of Mr. Sousa, police allege they found 114 pounds of marijuana in the trunk of the vehicle. Mr. Sousa was arrested and a search warrant was obtained for entry onto his property located at 38 Knotty Pine Road, Tiverton, Rhode Island. All of the defendant property listed in the plaintiff's complaint was seized as a result of, and subsequent to, the detention and arrest of Mr. Sousa by Tiverton Police Officers on August 31, 2005.

**The Law**

The Civil Asset Forfeiture Reform Act of 2000 revised the civil asset forfeiture laws and codified at 18 U.S.C. § 981(g) *et seq.,* the conditions a court should consider when ruling on a party's motion to stay a civil forfeiture proceeding. The statute requires a court to stay a civil forfeiture proceeding if certain conditions exist. It provides that "[u]pon the motion of a claimant, the court *shall* stay the civil forfeiture proceeding" if it determines that the claimant is the subject of a related criminal case, has standing to assert a claim and the continuation of the forfeiture proceeding will burden the right of the claimant against self incrimination in the related case. 18 U.S.C. § 981(g)(2)(A)-(C)(emphasis added).

**The Law Applied**

Claimant is the subject of related criminal indictment now pending in Rhode Island Superior Court, C.A. N1/2006-0026A. A continuation of the civil forfeiture proceeding will burden the right of the claimant against self-incrimination in the Rhode Island Superior Court indictment. The seven (7) count criminal indictment involves the same allegations, witnesses and evidence as plaintiff's civil forfeiture complaint. The Cadillac Mr. Sousa drove at the time to his arrest is the same defendant vehicle described as "Cadillac" in plaintiff's complaint. Moreover, the property searched by officers of the Tiverton Police Department searched is the same defendant property described in plaintiff's complaint.

Albert Sousa has standing to assert a claim in this civil forfeiture proceeding and has served on plaintiff and filed with the court a verified statement attesting to his interest in the defendant property. Claimant purchased the property from its previous owners, Robert and Shirley DeMello in 1993. Claimant holds clear title to the property. Claimant also asserts ownership of all of the other defendant property listed in the complaint.

The continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the Rhode Island Superior Court indictment. An answer to the plaintiff's complaint would require claimant to admit or deny facts that represent the core of the State's criminal indictment against claimant. (Exhibit B) Additionally, the interrogatories that the government has served on the claimant seek statements from claimant that, if answered, would violate his Fifth Amendment privilege. For example, Plaintiff's Interrogatory #13 asks claimant to describe each and every source of his income, including the "sale of controlled substances, etc." (Exhibit C)

The stay of the proceeding creates no serious harm to public interest and will protect claimants Fifth Amendment right against self-incrimination. A stay will also prevent the prosecution from using civil discovery to flesh out the criminal case against claimant. *United States v. A Certain Parcel of Land,* (1992, D.C. NH) 781 F. Supp 830, 1992 U.S. Dist. LEXIS 199.

**Conclusion**

Claimant requests that this honorable court issue a stay of the civil forfeiture proceeding pending the resolution of the Rhode Island Superior Court Indictment No. N1/2006-0026A.

Respectfully submitted,

ALBERT SOUSA
By his Attorney,

C. LEONARD O'BRIEN (#1886)
MacFadyen, Gescheidt & O'Brien
The Owen Building, 101 Dyer Street
Providence, RI 02903
401-751-5090

**Certificate of Service**

I hereby certify that a true and correct copy of the above and foregoing Motion for a Stay and Supporting Memorandum was hand delivered, to Michael P. Iannotti, Assistant United States Attorney, United States Attorney's Office, Fleet Center, 50 Kennedy Plaza, 8th Floor, Providence, RI, 02903 on this 27th day of March, 2006.