IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>vs.<br><br>ONE PARCEL OF REAL PROPERTY WITH BUILDINGS, APPURTENANCES AND IMPROVEMENTS KNOWN AS 38 KNOTTY PINE ROAD, LOCATED IN THE TOWN OF TIVERTON, RHODE ISLAND; ONE 2005 CADILLAC DEVILLE, VIN: 1G6KE57Y55U229750; ONE 2001 CHEVROLET CORVETTE, VIN: 1G1YY32G115122127; ONE LOT OF SIXTY THOUSAND DOLLARS ($60,000) IN U.S. CURRENCY; AND ONE LOT OF THREE THOUSAND FOUR HUNDRED SIXTY DOLLARS ($3,460) IN U.S. CURRENCY,<br><br>Defendants | : | C.A. No. 06-73ML<br><br>**DEMAND FOR JURY TRIAL**<br>**Fed. R. Civ. P. 38(b)** |

**CLAIMANT ALBERT SOUSA'S ANSWER**
**TO THE COMPLAINT FOR FORFEITURE IN REM**

COMES NOW, Claimant Albert Sousa, hereinafter known as the Claimant, by and through his attorney, C. Leonard O'Brien, and hereby answers the Plaintiff's Complaint for Forfeiture in Rem as follows:

1. Claimant admits this Court has jurisdiction over this action.

2. Claimant admits the description of defendant real property located at 38 Knotty Pine Road, Tiverton, Rhode Island.

3. Claimant admits the defendant property is located within the jurisdiction of this Court in the District of Rhode Island.

4. Claimant invokes his right to refuse to answer and hereby relies upon the Fifth Amendment right against self-incrimination.

5. Claimant is without sufficient knowledge to admit or deny.

6. Claimant is without sufficient knowledge to admit or deny.

7. Claimant invokes his right to refuse to answer and hereby relies upon the Fifth Amendment right against self-incrimination.

8. Claimant invokes his right to refuse to answer and hereby relies upon the Fifth Amendment right against self-incrimination.

9. Claimant invokes his right to refuse to answer and hereby relies upon the Fifth Amendment right against self-incrimination.

10. Claimant invokes his right to refuse to answer and hereby relies upon the Fifth Amendment right against self-incrimination.

11. Claimant invokes his right to refuse to answer and hereby relies upon the Fifth Amendment right against self-incrimination.

12. Claimant invokes his right refuse to answer and hereby relies upon the Fifth Amendment right against self-incrimination.

13. The allegation contained in Paragraph 13 asserts a conclusion of law as to which no answered is required. To the extent that Paragraph 13 avers that a factual and legal basis exists which should cause the Plaintiff to prevail in the forfeiture of real property located at 38 Knotty Pine Road, Tiverton, Rhode Island, the averment is denied.

14. The allegation contained in Paragraph 14 asserts a conclusion of law as to which no answered is required. To the extent that Paragraph 14 avers that a factual and legal basis exists which should cause the Plaintiff to prevail in the forfeiture of defendant vehicle one 2005 Cadillac DeVille, VIN 1G6KE57Y55U229750, the averment is denied.

15. The allegation contained in Paragraph 15 asserts a conclusion of law as to which no answered is required. To the extent that Paragraph 15 avers that a factual and legal basis exists which should cause the Plaintiff to prevail in the forfeiture of defendant vehicle one 2001 Chevrolet Corvette, VIN 1G1YY32G115122127, the averment is denied.

16. The allegation contained in Paragraph 16 asserts a conclusion of law as to which no answered is required. To the extent that Paragraph 16 avers that a factual and legal basis exists which should cause the Plaintiff to prevail in the forfeiture of the defendant currency, one lot of sixty thousand dollars ($60,000), the averment is denied.

17. The allegation contained in Paragraph 17 asserts a conclusion of law as to which no answered is required. To the extent that Paragraph 17 avers that a factual and legal basis exists which should cause the Plaintiff to prevail in the forfeiture of the defendant currency, one lot of three thousand, four hundred sixty dollars ($3,460), the averment is denied.

In addition, Claimant raises the following defenses to the government's forfeiture claim.

## FIRST DEFENSE

No legally obtained evidence supports a substantial connection between drug activity and the defendant property. The warrantless search and seizure of the defendant property was in violation of the IV, V, and XIV Amendments of the United States Constitution. The Claimant's statements were obtained in violation of the V and VI Amendments of the United States Constitution. All of the illegally obtained statements and all of the illegally seized evidence and the fruits thereof must be suppressed.

## SECOND DEFENSE

The value of the defendant property is disproportionate to the gravity of the alleged drug activity.

WHEREFORE, Claimant Albert Sousa, prays that the Honorable Court will:

1. Dismiss Plaintiff's Complaint for Forfeiture in Rem and enter judgment on behalf of the Claimant and that Plaintiff take nothing by reason of this action.
2. Provide such other and further relief, both legal and equitable, as the Court deems proper and just.

Respectfully submitted,
ALBERT SOUSA
By his Attorney,

C. LEONARD O'BRIEN (#1886)
MacFadyen, Gescheidt & O'Brien
101 Dyer Street, The Owen Building
Providence, RI 02903
401-751-5090

## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing Answer to the Complaint was hand delivered to Michael P. Iannotti, Assistant United States Attorney, United States Attorney's Office, Fleet Center, 50 Kennedy Plaza, 8th Floor, Providence, RI, 02903 on this 20th day of June, 2006.