RECEIVED

JUL 21 2006

Property of U.S. District Court
District of Rhode Island

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA,
Plaintiff

vs.

C.A. No. 06-073ML

ONE PARCEL OF REAL PROPERTY WITH BUILDINGS, APPURTENANCES AND IMPROVEMENTS KNOWN AS 38 KNOTTY PINE ROAD, LOCATED IN THE TOWN OF TIVERTON, RHODE ISLAND; ONE 2005 CADILLAC DEVILLE, VIN: 1G6KE57Y55U229750; ONE 2001 CHEVROLET CORVETTE, VIN: 1G1YY32G115122127; ONE LOT OF SIXTY THOUSAND DOLLARS ($60,000) IN U.S. CURRENCY; AND ONE LOT OF THREE THOUSAND FOUR HUNDRED SIXTY DOLLARS ($3,460) IN U.S. CURRENCY,
Defendants

STIPULATED EXPEDITED SETTLEMENT AGREEMENT

IT IS HEREBY STIPULATED by and between the plaintiff, the United States of America, and the claimant, PNC Bank (hereinafter "PNC") to compromise and settle its claim according to the following terms:

1. The parties hereby stipulate that any violations of 21 U.S.C. 881(a)(4) involving the defendant vehicle, one 2001 Chevrolet Corvette, VIN: 1G1YY32G115122127, occurred without the knowledge and consent of PNC.

2. The plaintiff agrees that upon interlocutory sale of the vehicle pursuant to an Order of the Court, or upon sale of the vehicle pursuant to entry by the Court of a final order of forfeiture, the plaintiff will not contest payment to the claimant,

PNC, from the proceeds of sale, after payment of outstanding expenses of custody and sale incurred by the United States Marshal's Service, the following:

a. all unpaid principal and interest due to the claimant under the November 26, 2003 note attached to PNC's claim as Exhibit A, which was secured by a Consumer Security Agreement attached to PNC's claim as Exhibit B, that is, $15,923.38 as of June 14, 2006; and

b. all unpaid future interest at the contractual (not default) rate under the above note at the rate of 4.99% per annum until the date of payment.

3. The payment to the claimant, PNC, shall be in full settlement and satisfaction of any and all claims by PNC to the defendant vehicle, one 2001 Chevrolet Corvette, VIN: 1G1YY32G115122127, and all claims resulting from the incidents or circumstances giving rise to this forfeiture action.

4. Upon payment, the claimant, PNC, agrees to assign and convey its security interest to the United States via recordable documents and to release and hold harmless the United States, and any agents, servants, and employees of the United States (or any state or local law enforcement agency) acting in their individual or official capacities, from any and all claims by the financial institution and its agents which currently exist or which may arise as a result of the government's action against the vehicle.

5. As a part of settlement, the claimant agrees not to pursue against the United States any other rights that it may have under the note and Consumer Security Agreement.

6. Claimant agrees to waive all attorneys' fees under 18 U.S.C. § 2465.

7. Claimant agrees to notify the United States Attorney and United States Marshal's Service at the end of the first payment cycle in which a payment is not made under the terms specified in the note. Claimant further agrees to join any government motions for interlocutory or stipulated sale of the defendant vehicle and any motions to remove occupants from the property who fail to abide by the terms of an occupancy agreement, within ten (10) days of claimant's receipt of the motion(s).

8. Claimant understands and agrees that by entering into this expedited settlement of its interests in the defendant vehicle, it waives any rights to further litigate against the United States its interest in the defendant vehicle and to petition for remission or mitigation of the forfeiture. Unless specifically directed by order of this court, PNC is hereby excused and relieved from further participation in this action.

9. Claimant understands and agrees that the United States Attorney reserves the right, in its discretion, to terminate the forfeiture at any time and release the subject property. A discretionary termination of the forfeiture shall not be the basis

for any award of fees under 18 U.S.C. § 2465.

10. The parties agree to execute further documents, to the extent necessary, to convey clear title to the vehicle to the United States and to further implement the terms of this settlement.

11. The terms of this settlement agreement are contingent upon forfeiture of the defendant vehicle, one 2001 Chevrolet Corvette, VIN: 1G1YY32G115122127, to the United States and the court's entry of a final judgment of forfeiture. Further, the terms of this settlement agreement shall be subject to approval by the United States District Court and any violation of any terms or conditions shall be construed as a violation of an order of the court.

DATED this 21st day of July, 2006.

Respectfully submitted,

UNITED STATES OF AMERICA
Plaintiff

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Michael P. Iannotti
MICHAEL P. IANNOTTI
Assistant U.S. Attorney

PNC BANK,
Claimant

By its attorneys,

CHARLES A. LOVELL, ESQ.
180 South Main Street
Providence, RI 02903-7120

ORDER

This Stipulated Expedited Settlement is hereby APPROVED.

DATED this 25th day of July, 2006.

MARY M. LISI
UNITED STATES DISTRICT JUDGE