IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA,
Plaintiff,

vs.

ONE PARCEL OF REAL PROPERTY WITH BUILDINGS, APPURTENANCES AND IMPROVEMENTS KNOWN AS 38 KNOTTY PINE ROAD, LOCATED IN THE TOWN OF TIVERTON, RHODE ISLAND; ONE 2005 CADILLAC DEVILLE, VIN: 1G6KE57Y55U229750; ONE 2001 CHEVROLET CORVETTE, VIN: 1G1YY32G115122127; ONE LOT OF SIXTY THOUSAND DOLLARS ($60,000) IN U.S. CURRENCY; AND ONE LOT OF THREE THOUSAND FOUR HUNDRED SIXTY DOLLARS ($3,460) IN U.S. CURRENCY,
Defendants.

C.A. No. 06-73ML

PLAINTIFF'S PRETRIAL CONFERENCE STATEMENT

FACTS

On August 31, 2005, at approximately 11:00 a.m., Albert Souza was stopped for speeding by Tiverton police while operating a 2005 Cadillac Deville and traveling south on Fish Road in Tiverton (1.3 miles from his residence). After detecting the strong odor of marijuana, Officer Kenneth Cabral discovered 114 pounds of marijuana (compressed marijuana bricks) in five large black trash bags in the trunk of the vehicle. Sousa was arrested and during an inventory search of the vehicle officers discovered a briefcase containing 5 oxycodone pills (a Schedule II controlled substance), drug ledgers, and $3,460 in U.S. currency.

At approximately 9:45 p.m., a Rhode Island search warrant was executed at Sousa's residence, 38 Knotty Pine Road, Tiverton, Rhode Island. All of the windows on the house had been either tinted or blacked out. Ziggy, a drug detection K-9, detected the presence of drugs in a first floor closet under the staircase, in a red corvette parked in the first floor garage, in a hole located under the whirlpool tub on the second floor, and in the shed located on the east side of the property. Officers found a plastic bag containing approximately 5.5 ounces of marijuana and

a paper bag containing several bottles of generic oxycodone pills. Also discovered in the closet was a blue canvas bag containing a scale, several plastic baggies, razor knives, plastic trash bags, and a wooden cabinet which contained an air filtration device utilized in the processing and packaging of marijuana. Cabral also found three large black trash bags in a crawl space above the back of the garage which contained handguns, a rifle, a pistol grip shotgun, numerous rounds of ammunition, holsters, and gun cleaning supplies. Officers also discovered a plastic bag containing a box with two bottles of generic oxycodone pills on the floor in the east side of the garage. In the trunk of the red 2001 Chevrolet Corvette, which was registered to Sousa (MA registration 592ZHK) and parked in the west side of the garage, a yellow envelope containing six brown paper bags, each of which contained $10,000 in U.S. currency for a total of $60,000, was found. In the rear of the garage, officers also found two digital scales, a large quantity of black plastic garbage bags consistent with those containing the marijuana found in the Cadillac, brown paper lunch bags consistent with those containing the money found in the Corvette, a large quantity of plastic zip lock bags, different types of plastic bags, and a large quantity of elastic bands.

In June 2006, Sousa pleaded guilty in the Rhode Island Superior Court to possession with intent to deliver marijuana and was sentenced to a 10-year prison term with 4 years to serve.

## LEGAL ISSUES

### THE REAL PROPERTY

Title 21, U.S.C., § 881(a)(7) provides for the forfeiture of real property used in any manner or part to facilitate narcotics violations.

The government's burden of proof is to establish by a preponderance of the evidence that the defendant real property was used to facilitate a narcotics violation. 18 U.S.C. § 983(c)(1). Once the government has shown by a preponderance of the evidence that the defendant real property is subject to forfeiture, the burden shifts to the claimant of the real property to prove by a preponderance of the evidence that (1) he has an ownership interest in the

property and (2) he neither had knowledge of nor consented to the illegal use of the property. United States v. Two Hundred Fifty Thousand Dollars ($250,000.00) in U.S. Currency, 808 F.2d 895, 900 (1st Cir. 1987).

In addition to the controlled substances found at the residence, the evidence indicates that Sousa intended to use the residence to process the marijuana seized from his vehicle and that the 2001 Corvette, parked in the garage of the residence, was used to store the proceeds of Sousa's illegal narcotics sales.

THE CURRENCY

Title 21, U.S.C., § 881(a)(6) provides that "All monies, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance ... all proceeds traceable to such an exchange, and all monies, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter" shall be forfeited to the United States.

The government's burden of proof is to establish by a preponderance of the evidence that the defendant currency constitutes monies furnished or intended to be furnished in exchange for controlled substances or is the proceeds of controlled substance exchanges. 18 U.S.C. § 983 (c)(1).

The relatively large amount of this currency ($60,000) and its presence in the garage of Sousa's residence indicates that it is the proceeds of Sousa's marijuana sales and was intended to be used to purchase additional marijuana. The $3,460 was found in a briefcase in the Cadillac where the 114 pounds of marijuana was found. The briefcase also contained 5 oxycodone pills and drug ledgers indicating that the $3,460 is the proceeds of Sousa's marijuana sales and was intended to be used to purchase additional marijuana.

THE VEHICLES

Title 21 U.S.C. § 881(a)(4) provides that any vehicle used or intended to be used in any manner to facilitate the transportation, sale, receipt, possession, or concealment of a controlled

substance is forfeited to the United States. Clearly, the 2005 Cadillac was used to facilitate the transportation, sale, receipt, possession, or concealment of the 114 pounds of marijuana found therein. The 2001 Corvette was used to facilitate sale, receipt, and possession of marijuana and oxycodone by being used to conceal the proceeds of the sale of these controlled substances.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Michael P. Iannotti
MICHAEL P. IANNOTTI, #2919
Assistant U.S. Attorney
U.S. Attorney's Office
Fleet Center
50 Kennedy Plaza, 8th floor
Providence, RI 02903
401/709-5000
401/709-5017 (fax)
michael.iannotti@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2006, I electronically filed the within Plaintiff's Pretrial Conference Statement with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System.

The following participant has received notice electronically:

C. Leonard O'Brien, Esq.
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903

/s/ Michael P. Iannotti
MICHAEL P. IANNOTTI
Assistant U.S. Attorney