IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA,

Plaintiff

vs. C.A. No. 06-73ML

ONE PARCEL OF REAL PROPERTY WITH BUILDINGS, APPURTENANCES AND IMPROVEMENTS KNOWN AS 38 KNOTTY PINE ROAD, LOCATED IN THE TOWN OF TIVERTON, RHODE ISLAND; ONE 2005 CADILLAC DEVILLE, VIN: 1G6KE57Y55U229750; ONE 2001 CHEVROLET CORVETTE, VIN: 1G1YY32G115122127; ONE LOT OF SIXTY THOUSAND DOLLARS ($60,000) IN U.S. CURRENCY; AND ONE LOT OF THREE THOUSAND FOUR HUNDRED SIXTY DOLLARS ($3,460) IN U.S. CURRENCY,

Defendants

**CLAIMANT'S PRETRIAL CONFERENCE STATEMENT**

Summary of the Facts

On August 31, 2005, Tiverton Police Officer Kenneth Cabral initiated a traffic stop of Claimant Albert Sousa (hereinafter "Mr. Sousa") while he drove the defendant property, a 2005 Cadillac. During the stop Officer Cabral detected an odor he believed to be marijuana and subsequently searched the car and trunk. The search of the trunk resulted in the seizure of 114 *lbs*. of marijuana. An inventory search of the Cadillac resulted in the seizure of the defendant property $3,460.00, found in a briefcase on the front passenger seat. The police subsequently obtained a search warrant from the Honorable Jeanne LaFazia to search defendant real property, Mr. Sousa's house, in addition to the vehicles and the boats on his property. Among other items, the search resulted in the seizure of drug packaging material, various quantities of oxycodone,

and the defendant property, $60,000.00 which was found inside the defendant property 2001 Corvette.

The Parallel State Court Case

Mr. Sousa was criminally charged in Rhode Island District Court and a multi-day suppression hearing followed. At the conclusion of the suppression hearing, the Honorable District Court Judge Erickson commented that this was an "extremely troubling case" and that there were "substantial departures from accepted practice and … police department policy." Additionally, Judge Erickson found the affidavit in support of the search warrant was prepared in a "slipshod" fashion and contained a "number of inaccurate statements." He commented that the police exceeded the scope of a permissible inventory search with regard to the briefcase and he found that the police interrogated Mr. Sousa after he invoked his right to counsel. Ultimately, the court found that probable cause existed for the stop and search of Mr. Sousa's car. Thereafter, on April 26, 2006 Mr. Sousa plead no contest to possession with intent to deliver a controlled substance, to wit, marijuana, in violation of R.I.G.L.§ 21-28-4.01.2(a)(4)(i). All of the charges involving items found in the house at 38 Knotty Pine Road, Tiverton, Rhode Island (defendant real property) were dismissed.

The Forfeiture Case

On February 10, 2006, Plaintiff filed a verified complaint pursuant to 28 U.S.C. §§ 1345 and 1355, 1356 and 1395, 21 U.S.C. §§ 881(a)(6) and (7) and 18 U.S.C. § 985 and 19 USC § 1608, alleging that the above listed defendant property should be forfeited to the Plaintiff based on a substantial connection between the defendant property and drug activity. On March 27, 2006, Mr. Sousa filed a verified statement and claim for seized property asserting his interest in the defendant property.

Legal Issues

Civil forfeiture proceedings are governed by 18 U.S.C. § 981 *et seq*. In order to prevail in a civil forfeiture action the government must establish by a preponderance of the evidence that there was a substantial connection between the defendant property and the offense—in this case, violations of drug laws. It is well settled that the constitutional exclusionary rule applies to forfeiture proceedings. *One Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 696. (1965). Illegally seized evidence or the fruits thereof cannot be used as evidence in a civil forfeiture action. *Id*.

Mr. Sousa will move to suppress all of the evidence seized in divers locations in this case; from his Cadillac, his other motor vehicles searched on his property, and his personal and real property located at 38 Knotty Pine Road in Tiverton, Rhode Island. He will also move to suppress the evidence of K-9 "alerts" on his property. This suppression motion will be based upon multiple constitutional violations including of the IV, V, VI, and XIV Amendments to the United States Constitution. Mr. Sousa will also move to suppress the statements elicited from him after he invoked his right to counsel. The following issues will be presented at the suppression hearing, (1) there was no probable cause to stop the car, (2) there was no probable cause to search the trunk, (3) the search of the briefcase exceeded the scope of a permissible inventory search, (4) the police illegally entered the property prior to obtaining a search warrant, (5) the search warrant was invalid because (a) there was no probable cause to search the house and (b) the affidavit contained false statements under *Franks*. And finally, (6) the police obtained statements from Albert Sousa in violation of his constitutional rights.

Claimant also asserts that the forfeiture is grossly disproportional to the gravity of the offense charged. *United States v. Bajakajian,* 524 U.S. 321 (1998).

Respectfully submitted,
ALBERT SOUSA
By his Attorney,

/s/ C. Leonard O'Brien
C. LEONARD O'BRIEN (#1886)
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903
(401) 751-5090
(401) 709-5017

**CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2006, I electronically filed the within Claimant's Pretrial Conference Statement with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System.

The following participant received notice electronically:

Michael P. Iannotti
Assistant U.S. Attorney
U.S. Attorney's Office
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Michael.iannotti@usdoj.gov

/s/ C. Leonard O'Brien
C. LEONARD O'BRIEN (#1886)
MacFadyen, Gescheidt & O'Brien