# TIVERTON RI POLICE DEPARTMENT

CHAPTER 5-2

**Revises Issue** Dated:

GENERAL ORDER

Effective Date: March 1, 2001

Authorized by: Chief George Arruda

**Subject:** **INVENTORY AND BOOKING SEARCHES**

**Calea No.:** 1.2.3, 72.5.1 - 72.5.2

NOTE: This written directive is for the internal governance of the Tiverton Police Department, and is not intended and should not be interpreted to establish a higher standard of care in any civil or criminal action than would otherwise be applicable under existing law.

---

INDEX WORDS: Search, Inventory, Booking.

## I. POLICY:

It is the policy of the Tiverton Police Department to provide its members with proper information concerning how to conduct inventory and booking searches, and that such searches shall be conducted in accordance with State law and constitutional standards.

## II. PURPOSE:

This policy sets forth the proper action to be taken by members when they conduct inventory searches and booking searches.

## III. PROCEDURE:

The courts have consistently held that inventory searches, to be valid, should be conducted in accordance with a written policy.

### A. Vehicles Taken Into Custody or Towed.

Every vehicle which is taken into custody or towed under orders of a member of this department shall have the contents of the vehicle inventoried. The purposes of this inventory are to protect any property which may be in the vehicle at the time, to protect the department and its members from wrongful allegations concerning the loss of property, and to protect the public from harm.

### B. Persons Under Arrest or Detention.

It is also the policy of this department that whenever a person is taken into protective custody or booked for a criminal offense, an inventory of his/her personal effects shall be made. The purposes of this inventory are to protect the property of the person in custody, to identify the person in custody, to protect the department and its members from wrongful allegations concerning the loss of property, and to protect the arresting and custodial officers, the person in custody, other prisoners, and the public from the possibility of escape, suicide or assault and the destruction of evidence.

4. **Legal Justification.**

An inventory search should not be undertaken merely as a pretext to facilitate a criminal investigation. If an officer has probable cause and the time to get a search warrant, one should be obtained. If one of the exceptions to the search warrant rule exists, such as exigent circumstances, search incident to a valid arrest, or an brief investigatory stop on articulable suspicion, a search limited in scope as permitted for these purposes should be undertaken. An inventory search under such circumstances must be limited in purpose and scope to protecting the interest of the property owner, the public, and the police against false accusations.

5. **Plain View.**

If items in plain view are inadvertently discovered during an inventory search, and the incriminating nature of these items is immediately apparent, they shall be seized. If probable cause develops during an inventory search, the search shall cease and the officer shall apply for a search warrant.

F. **Booking Searches.**

1. A lawful booking inventory search of a person and their belongings shall be performed whenever a prisoner is taken into custody by a member of this department and is being held at the police station or other holding facility. Such a search shall be in addition to any search incident to and contemporaneous with the arrest. In addition, every time a prisoner is turned over to another officer for custody or transportation, that prisoner shall be frisked again for weapons. The purpose of a booking inventory search is to obtain the identity of the prisoner and to protect the prisoner, the officer and the public from any dangerous weapons or devices, remove any implements of escape, instruments of the crime with which the person is charged, and any contraband, and prevent the destruction of evidence. The scope of a booking inventory search is limited in the case of persons held in protective custody who have committed no crime.

   a. A booking inventory search of a person who is under arrest shall include a search of the person, their garments, wallet, handbag or purse, and any open or closed containers which they are carrying.

   b. A booking inventory search of an intoxicated or mentally ill person who is only in protective custody and not charged with a crime, shall include a search of the person and their garments for weapons for implements of escape, and any open or closed containers large enough to carry a dangerous device, but shall only include the person's wallet or purse if such a search is necessary to establish their identity. Otherwise, the wallet or purse shall be placed in an envelope, sealed with tape, and the person shall be requested to initial the seal, or if they refuse, the officer shall initial it and note that the person refused to sign their initials. If probable cause develops to search a wallet or purse, a search warrant shall be obtained. Any weapons, contraband, implements of escape, instruments of a crime, or evidence of a crime which are discovered during a booking search shall be seized.