IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff<br><br>vs.<br><br>ONE PARCEL OF REAL PROPERTY WITH BUILDINGS, APPURTENANCES AND IMPROVEMENTS KNOWN AS 38 KNOTTY PINE ROAD, LOCATED IN THE TOWN OF TIVERTON, RHODE ISLAND; ONE 2005 CADILLAC DEVILLE, VIN: 1G6KE57Y55U229750; ONE 2001 CHEVROLET CORVETTE, VIN: 1G1YY32G115122127; ONE LOT OF SIXTY THOUSAND DOLLARS ($60,000) IN U.S. CURRENCY; AND ONE LOT OF THREE THOUSAND FOUR HUNDRED SIXTY DOLLARS ($3,460) IN U.S. CURRENCY, Defendants | C.A. No. 06-073ML |

STIPULATED EXPEDITED SETTLEMENT AGREEMENT

IT IS HEREBY STIPULATED by and between the plaintiff, the United States of America, and the claimant, Chase Bank (hereinafter "Chase") to compromise and settle its claim according to the following terms:

1. The parties hereby stipulate that any violations of 21 U.S.C. 881(a)(4) involving the defendant vehicle, one 2005 Cadillac Deville, VIN: 1G6KE57Y55U229750, occurred without the knowledge and consent of Chase.

2. The plaintiff agrees that upon interlocutory sale of the vehicle pursuant to an Order of the Court, or upon sale of the vehicle pursuant to entry by the Court of a final order of forfeiture, the plaintiff will not contest payment to the claimant,

Chase, from the proceeds of sale, after payment of outstanding expenses of custody and sale incurred by the United States Marshal's Service, the following:

a. all unpaid principal and interest due to the claimant under the note and installment contract attached hereto, that is, $12,193.83 as of January 31, 2007; and

b. all unpaid future interest at the contractual (not default) rate under the above note at the rate of 5.99% per annum until the date of payment.

3. The payment to the claimant, Chase, shall be in full settlement and satisfaction of any and all claims by Chase to the defendant vehicle, one 2005 Cadillac Deville, VIN: 1G6KE57Y55U229750, and all claims resulting from the incidents or circumstances giving rise to this forfeiture action.

4. Upon payment, the claimant, Chase, agrees to assign and convey its security interest to the United States via recordable documents and to release and hold harmless the United States, and any agents, servants, and employees of the United States (or any state or local law enforcement agency) acting in their individual or official capacities, from any and all claims by the financial institution and its agents which currently exist or which may arise as a result of the government's action against the vehicle.

5. As a part of settlement, the claimant agrees not to pursue against the United States any other rights that it may have under

the note and installment contract or any security agreement.

6. Claimant agrees to waive all attorneys' fees under 18 U.S.C. § 2465.

7. Claimant agrees to notify the United States Attorney and United States Marshal's Service at the end of the first payment cycle in which a payment is not made under the terms specified in the note. Claimant further agrees to join any government motions for interlocutory or stipulated sale of the defendant vehicle and any motions to remove occupants from the property who fail to abide by the terms of an occupancy agreement, within ten (10) days of claimant's receipt of the motion(s).

8. Claimant understands and agrees that by entering into this expedited settlement of its interests in the defendant vehicle, it waives any rights to further litigate against the United States its interest in the defendant vehicle and to petition for remission or mitigation of the forfeiture. Unless specifically directed by order of this court, Chase is hereby excused and relieved from further participation in this action.

9. Claimant understands and agrees that the United States Attorney reserves the right, in its discretion, to terminate the forfeiture at any time and release the subject property. A discretionary termination of the forfeiture shall not be the basis for any award of fees under 18 U.S.C. § 2465.

10. The parties agree to execute further documents, to the

extent necessary, to convey clear title to the vehicle to the United States and to further implement the terms of this settlement.

11. The terms of this settlement agreement are contingent upon forfeiture of the defendant vehicle, one 2005 Cadillac Deville, VIN: 1G6KE57Y55U229750, to the United States and the court's entry of a final judgment of forfeiture. Further, the terms of this settlement agreement shall be subject to approval by the United States District Court and any violation of any terms or conditions shall be construed as a violation of an order of the court.

DATED this 20th day of February, 2007.

Respectfully submitted,

UNITED STATES OF AMERICA
Plaintiff

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

MICHAEL P. IANNOTTI
Assistant U.S. Attorney

Chase BANK,
Claimant

By,

RITA HOUP
Vice President
National Recovery Group
Chase Auto Finance
Chase Bank
201 North Central Avenue
Mail Drop AZ1-1197
Phoenix, AZ 85004

ORDER

This Stipulated Expedited Settlement is hereby APPROVED.

DATED this ___ day of ____________________, 2007

______________________________
MARY M. LISI
CHIEF JUDGE
UNITED STATES DISTRICT COURT